**Mynor Leonel PAZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72353.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2005.\*\*

Decided Aug. 5, 2005.

Evelyn G. Zneimer, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

This court has jurisdiction to review Mr. Paz's petition challenging the Board of Immigration Appeals' (BIA) denial of his motion to reopen. *See Medina–Morales v. Ashcroft,* 371 F.3d 520, 527–28 (9th Cir. 2004).

The BIA did not err in concluding that, under its regulations, it had no jurisdiction to adjudicate Mr. Paz's request for relief.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See* 8 C.F.R. § 1245.2(a)(1). Even if we were to reach the merits, Paz is inadmissible because he falsely represented himself to be a United States citizen. 8 U.S.C. § 1182(a)(6)(C)(ii). He is also ineligible for a waiver under 8 U.S.C. § 1182(i), because the waiver applies only to § 1182(a)(6)(C)(i). He is thus ineligible for adjustment of status. 8 U.S.C. § 1255(i); *see also Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir.2003) (noting that an applicant for adjustment of status under 8 U.S.C. § 1255(i) must "be *otherwise admissible* to the United States.") (emphasis in the original).

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts